**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **JERRY BOB FREEMAN** | § | |
| Petitioner | § | |
| | § | |
| V | § | CIVIL ACTION NO: 7:11-CV-108–O-KA |
| | § | |
| **DIRECTOR TDCJ-CID** | § | |
| Respondent | § | |

**REPORT AND RECOMMENDATION**

Under the authority of 28 U.S.C. § 636(b) and Rules 8(b) and 10 of the Rules Governing Section 2254 Proceedings for the United States District Courts, on December 10, 2013 this case was referred to the undersigned United States Magistrate Judge by Order of Reference (Docket No.12) for hearing, if necessary, and proposed findings of fact and recommendation for disposition. Petitioner Freeman seeks habeas corpus relief in this Court pursuant to 28 U.S.C. §2254. I recommend that the District Court dismiss Petitioner's Application for Writ of Habeas Corpus for the following reasons:

Custody Status

Petitioner Freeman is currently in the custody of the Texas Department of Criminal Justice Freeman pursuant to two judgments and sentences of the 43rd Judicial District Court of Parker County, Texas, in causes nos. 11719 and 11720.[1] On June 29, 1994, Freeman was convicted of burglary of a habitation and burglary of a building in these two causes and was sentenced to two terms of forty (40) years' imprisonment, to run concurrently.[2] While in custody pursuant to these two concurrent sentences, Freeman was charged with possessing a deadly weapon in a penal

---

[1]   Appendix A to State's Response, Docket No.8.

[2]   *Id.* at p.2.

institution.[3]  On October 5, 2000, Freeman was convicted of this offense by the 259 th District Court of Jones County, Texas, in cause no. 8166, and sentenced to two (2) years' imprisonment which the trial judge expressly ordered to be run *consecutive* to the sentence in the Parker County cause no. 11719.[4]  Pursuant to a plea agreement the trial judge expressly ordered that Freeman be allowed 762 days of pre-sentence jail credit.[5]  A procedural history of any appeals is irrelevant to this proceeding as Freeman is not challenging his underlying convictions.  Instead, Freeman is challenging the alleged failure of the TDCJ to properly grant the pretrial custody credit announced and pronounced in the sentencing in cause no. 8166, the weapons case.

Procedural Status

While still serving his time on the sentences in the Parker County cases, on December 29, 2010, Freeman filed a Time Dispute Resolution Form with the Classification and Records Department (CRD) of the Texas Department of Criminal Justice (TDCJ) in which he challenged TDCJ's alleged failure to apply his jail credit.[6]  On May 20, 2011, the CRD responded to his December filing and advised Freeman that "his sentences were consecutive and that he would have to either discharge the Burglary of a Habitation sentences or be approved on parole before the 2-year sentence would begin with jail credits applied."[7]  CRD further informed Freeman that "once the

---

[3]     Id.;  See also Indictment in Cause No. 8166, Jones County, Texas, State Court Habeas Record (SCHR) pp.18-20.

[4]     *Id*.; See also Judgment in Cause No. 8166,  SHCR at 30-34.

[5]     *Id.* at p. 31; See also, Statement of Plead Bargain, SHCR at 22.

[6]     Appendix A, p. 2.

[7]     *Id*. at p. 2.

2-year sentence began and jail credit applied, the sentence would have been served."[8]

On February 28, 2011, Freeman filed a state application for writ of habeas corpus raising the instant time credit claim.[9] On July 27, 2011, the Texas Court of Criminal Appeals dismissed the application without written order, but expressly dismissed "pursuant to Texas Government Code Section 501.0081(b)-(c)."[10] This federal habeas corpus proceeding was initiated on August 19, 2011. (Docket No. 1).

## Standard for Review

Since this case requires a review of a state court habeas corpus decision, it is governed by the AEDPA. This court may only grant relief if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), "or was based on an unreasonable determination of the facts" in light of the state court record. 28 U.S.C. § 2254(d)(2). A state court's decision is contrary to clearly established Supreme Court precedent when it "relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). An unreasonable application of clearly established federal law "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts" of a case. *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

---

[8]   *Id*.

[9]   SHCR, pp. 2-13.

[10]  SHCR p.1.

Exhaustion Standards

The government urges the dismissal of Freeman's application herein due to his alleged failure to exhaust his state court remedies. Federal courts will generally not consider claims in a section 2254 habeas petition that have not been first presented to the state courts. 28 U.S.C. § 2254(b). In other words, the petitioner must exhaust all available state remedies before he may obtain federal habeas relief. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rodriguez v. McKaskle,* 724 F.2d 463, 466(5th Cir. 1984); *see also Sterling v. Scott,* 57 F.3d 451, 454 (5th Cir. 1995). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the substance of his claims to the highest state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58 (1986); *Morris v. Dretke*, 413 F. 3d 484, 491 (5th Cir. 2005). Where state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims.

Premature Filing

Texas Government Code Section 501.0081(b) provides as follows:

"(b) Except as provided by Subsection (c), *an inmate may not* in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, *raise* as a claim a time-served credit error *until*:

  (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

  (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.

(c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application." (Emphasis supplied).

4

At the time Freeman filed his state court habeas application, Freeman was not within 180 days of the his presumptive parole date, date of release on mandatory supervision, or date of discharge.[11] Therefore the exception provided in subsection (c) did not apply. Furthermore, subsection (b) established the statutory time limit after which Freeman would be permitted to file his state application.  Since he filed within the 180 day window, his state habeas filing was *premature*. The sanction for the premature filing exercised by the Texas Court of Criminal Appeals was the express dismissal of his petition under this statutory provision. There is no ambiguity in the state highest court's disposition of Freeman's claim on this procedural ground.

Effect of Dismissal

The Texas Court of Criminal Appeals has explained the difference between a denial and a dismissal as follows: "In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits." *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App.1997). Therefore the dismissal was not an adjudication of the merits of Freemen's claim.  As a result of the dismissal, Freeman's claim has not been adjudicated by the highest state court. Therefore, his claim is unexhausted and consideration of it in this court is barred unless it falls into one of the recognized exceptions.

Overcoming Procedural Bar

Failure to exhaust  generally is a procedural bar to federal habeas review, but the bar may be excused if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result

---

[11]    Appendix A, at p.2.

in a fundamental miscarriage of justice." *Coleman v. Thompson*, *supra* at p. 750; *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005); See also *Harris v. Reed,* 489 U.S. 255 (1989) *Citing Wainwright v. Sykes,* 433 U.S. 72 (1977), wherein the Court stated:

> "Wainwright v. Sykes made clear that the adequate and independent state ground doctrine applies on federal habeas. 433 U.S., at 81, 87. See also Ulster County Court v. Allen, 442 U.S. 140, 148 (1979). Under Sykes and its progeny, an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show "cause" for the default and "prejudice attributable thereto," Murray v. Carrier, 477 U.S. 478, 485 (1986), or demonstrate that failure to consider the federal claim will result in a "'fundamental miscarriage of justice.'" Id., at 495, quoting Engle v. Isaac, 456 U.S. 107, 135 (1982). See also Smith v. Murray, 477 U.S. 527, 537 (1986)." at p. 262.

*See also, Woodfox v. State*, 2010 U.S. App. LEXIS 13557 (5th Cir. 2010) (citing *Coleman v. Thompson,* 501 U.S. 722, 750 (1991) and *Ries v. Quarterman,* 522 F.3d 517, 523-24 (5th Cir. 2008)).

Freeman has wholly failed to allege any cause for his premature filing of his state court habeas corpus petition nor for his failure to cure the same. As to prejudice or fundamental miscarriage of justice, in the light of the ruling by CRD that upon expiration or earlier termination of the burglary of habitation sentence the 2 year sentence will have been served, Freeman will not spend any additional time in prison.

I find that Freeman has failed to allege or establish prejudice or a fundamental miscarriage of justice necessary to overcome his procedural default. Furthermore, the claim would not, even if granted, result in any diminution of the time he will spend in prison. Therefore, consideration of Freeman's claim in this court is barred.

<u>Recommendation</u>

Accordingly, I recommend that the District Court dismiss Freeman's application herein without prejudice.

Notice to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so ordered, this 7th day of January, 2014.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE